**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SAJA MODHER NABAT AL AJRASH,

Plaintiff,

v.

U.S. SECRETARY OF STATE, et al.,

Defendants.

Case No. 1:24-CV-494

Judge Michael R. Barrett

**ORDER**

On April 29, 2025, the Court ordered Plaintiff Saja Modher Nabat Al Ajrash to show cause, within fourteen days, why this mandamus action should not be transferred due to improper venue. (Doc. 18). Al Ajrash has timely responded, (Doc. 19), but for the following reason, the Court will transfer this matter to the United States District Court for the District of Columbia.

As previously noted by the Court, Al Ajrash is an Iraqi national and an applicant for EB-2 and O-1A United States visas. She seeks mandamus relief in the form of a Court-imposed deadline by which Defendants must fully adjudicate her visa applications. (Doc. 18, PageID 146). The Court issued the April 29 show cause order because Al Ajrash is a non-resident foreign national and Defendants do not reside in this District.

In relevant part, the applicable venue statute provides that civil actions against officers or employees of the United States may be brought where "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1).

And under 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

To be sure, it does not matter "whether this district is the 'best' venue, but whether the district has a 'substantial' connection to plaintiffs' claims." *Int'l Paper Co. v. Goldschmidt*, 872 F.Supp.2d 624, 634 (N.D. Ohio 2012) (quoting *Alltech, Inc. v. Carter*, No. 5:08-CV-325, U.S. Dist. LEXIS 23519, at *7 (E.D. Ky. Mar. 15, 2010)). "'Substantiality' for venue purposes is . . . determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432-33 (2d Cir. 2005). "When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed 'significant' and, thus, substantial." *Id.* at 433.

Al Ajrash maintains that venue is proper in the Southern District of Ohio because "[t]he statutory language may be interpreted broadly to encompass [her] claim to venue based on this being the [D]istrict in which [she] seeks entry to the United States for employment that is specifically located in this District." (Doc. 19, PageID 151). But the scant caselaw she puts forth does not provide support for her position, and the Court cannot conclude that the Southern District of Ohio has a sufficiently "substantial" connection to this case.

As the Court previously noted, Al Ajrash's visa interviews took place at the United States Embassies in Baghdad, Iraq, and Ankara, Turkey, and there is no indication that any processing, review, or other administrative action has occurred in the Southern

District of Ohio. Furthermore, although Al Ajrash notes that her intended place of employment is in the Southern District of Ohio and "to the extent that the adjudication process involves any investigation into the workplace or employment conditions, such inquiry would necessarily be conducted . . . within this District," (*Id.*, PageID 152), the statutory language specifically references venues in which "a substantial part of the events or omissions giving rise to the claim *occurred*," 28 U.S.C. § 1391(e)(1) (emphasis added). It is thus clear to the Court that speculative future events or omissions cannot support a finding that venue is appropriate here.

For the foregoing reasons and those discussed in the Court's April 29 order, this matter is **TRANSFERRED** to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1406(a).

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge